IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEKBIB G. ADGEH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-11-619-C |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

Plaintiff, appearing pro se and in forma pauperis, filed a Complaint which seeks relief for certain wrongs allegedly committed by Defendant. Pursuant to the directives of 28 U.S.C. § 1915 the Court has reviewed the allegations of the Complaint. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court is mindful that Haines v. Kerner, 404 U.S. 519 (1972), requires a liberal construction of pro se complaints. However, the Court is not required to imagine or assume facts in order to permit a complaint to survive. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Applying these standards, the Complaint must be dismissed under § 1915(e)(2)(B)(ii), as it fails to state a claim for relief.

Plaintiff's Complaint challenges the right of the State of Oklahoma to prevent him from having more than one wife. Plaintiff argues the prohibition violates his First Amendment right to freedom of religion. Plaintiff's position is foreclosed by clear precedent from the Supreme Court and the Tenth Circuit Court of Appeals. See Reynolds v. United States, 98 U.S. 145, 166-67 (1878) (affirming criminal conviction of a Mormon for practicing polygamy and rejecting the argument that prohibition of polygamy violated the right to free exercise of religion); Potter v. Murray City, 760 F.2d 1065, 1068-69 (10th Cir. 1985) (concluding Utah was justified, by a compelling interest, in upholding and enforcing its ban on plural marriage to protect the monogamous marriage relationship); see also Paris Adult Theatre I v. Slaton, 413 U.S. 49, 68 n.15 (1973) ( "Statutes making bigamy a crime surely cut into an individual's freedom to associate, but few today seriously claim such statutes violate the First Amendment or any other constitutional provision.").

Because Plaintiff's claim fails as a matter of law and is frivolous given the clear legal precedent noted above, the Court finds dismissal of Plaintiff's Complaint is warranted. Accordingly, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint (Dkt. No. 1) is DISMISSED. As no amendment can cure the defect, this dismissal acts as an adjudication on the merits, and a judgment will enter.

IT IS SO ORDERED this 7th day of June, 2011.

ROBIN J. CAUTHRON
United States District Judge